IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| BENJAMIN MANESS | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CASE NO. 6:24-CV-52 |
| | § | |
| ASI LLOYDS and AUSTIN BUBOLTZ | § | |
| | § | |
| Defendants. | § | JURY DEMANDED |

---

### NOTICE OF REMOVAL
---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant ASI Lloyds files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

## I. PROCEDURAL BACKGROUND

1. On May 8, 2024, Plaintiff Benjamin Maness ("Plaintiff") filed Plaintiff's Original Petition in the matter styled *Benjamin Maness v. ASI Lloyds,* Cause No. SC24-CV-3542, in the 51st Judicial District Court, Schleicher County, Texas. ASI Lloyds received the citation and petition through its registered agent for service of process on June 21, 2024. Defendant ASI Lloyds now files this Notice of Removal within the thirty-day time period required by 28 U.S.C. §1446(b).

2. Attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Schleicher County Clerk's file for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders. Attached hereto as Exhibit "C" is the Designation of Counsel.

## II.  PROCEDURAL REQUIREMENTS FOR REMOVAL

3. Removal is proper under 28 U.S.C. §1332(a)(1) in that there is complete diversity of citizenship.

4. Plaintiff is, and was at the time the lawsuit was filed, a citizen of the State of Texas. See *Plaintiff's Original Petition,* at Section II.

5. Defendant, ASI Lloyds is an association of underwriters.  The individual underwriters are as follows: Patrick T. McCrink, Kellie A. O'Nuallain, Tanya J. Fjare, Edwin L. Cortez, Kevin Turner, Kathleen Sundberg, Heather E. Day, Charles E. Conover, John A. Curtiss, Jr. and Jeffrey W. Hannon. Mr. McCrink, Ms. O'Nuallain, Ms. Fjare, Mr. Cortez, Mr. Turner and Ms. Sundberg are citizens of the State of Florida. Ms. Day, Mr. Conover, Mr. Curtiss and Mr. Hannon are citizens of the State of Ohio. "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as ASI Lloyds] is determined…solely by the citizenship of its members." See *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); see also *Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).  Accordingly, for the purpose of diversity jurisdiction, ASI Lloyds is a citizen of the State of Florida and the State of Ohio, not of the State of Texas.

6. ASI Lloyds contends that defendant Austin Buboltz has been fraudulently joined in this matter, that Plaintiff has no viable cause of action against defendant Austin Buboltz, and that Mr. Buboltz has been fraudulently joined in this lawsuit for the sole purpose of attempting to defeat diversity. As such, consent from Mr. Buboltz is not needed. See *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

6.	The amount alleged to be in controversy exceeds $75,000. Plaintiff's Original Petition clearly states that Plaintiff seeks "monetary relief less than $250,000.00". See *Plaintiff's Original Petition*, at Section IV. This evidence clearly demonstrates that the amount in controversy in this case exceeds the amount required to support federal jurisdiction.

7.	ASI Lloyds was first served with the petition through its registered agent for service of process on June 21, 2024. ASI Lloyds now files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

8.	Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiff's claim allegedly occurred in this district.

### III.  BASIS FOR REMOVAL

9.	Removal is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000). Plaintiff is an individual, who is a citizen of the State of Texas, and who resides in Schleicher County, Texas. As set forth *supra*, Defendant ASI Lloyds is an association of underwriters, each of whom are citizens of either the State of Florida or the State of Ohio, and therefore ASI Lloyds is a citizen of the State of Florida and the State of Ohio.

10.	Plaintiff does not state the citizenship of defendant Austin Buboltz in his Original Petition, and merely states that Mr. Buboltz "is in the business of insurance in the State of Texas", but may be served with process at his place of business in the State of Florida. See *Plaintiff's Original Petition*, at Section III. However, it is believed, and therefore averred, that at all times relevant Mr. Buboltz was a citizen of the State of Texas.

11. A non-diverse or local defendant can be disregarded under the fraudulent-joinder doctrine if there is no possibility the plaintiff can establish a cause of action against that defendant under applicable state law. *See*, *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568 (5th Cir. 2004). This type of fraudulent joinder may consist of not pleading a factual basis for an element of the plaintiff's claim against the non-diverse or local defendant. *See*, *Smallwood* at 573. In the instant case, Plaintiff asserts that Mr. Buboltz was acting as an insurance adjuster for ASI Lloyds at the time of the events made the basis of this matter. Plaintiff does not allege any fact that would support a claim of acts or omissions constituting liability-producing conduct on the part of Mr. Buboltz in his individual capacity (as opposed to in his capacity as an agent of ASI Lloyds). Indeed, Plaintiff's claims against Mr. Buboltz for violations of the Texas Insurance Code are based on 2 of the 4 instances of allegedly liability-producing conduct advanced against ASI Lloyds for violations of the Texas Insurance Code. Cf. *Plaintiff's Original Petition* at Sections VI, VII.

12. "Under Texas law, a principal 'is vicariously liable for the torts of [his agents] committed in the course and scope of their employment.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal citations omitted). Plaintiff's Original Petition makes it clear that, at all times relevant, Austin Buboltz was acting as the agent of defendant ASI Lloyds, and therefore ASI Lloyds would be vicariously liable for Mr. Buboltz's conduct. Further, as stated *supra*, Plaintiff does not allege any acts or omissions of liability-producing allegedly committed by Mr. Buboltz which were not allegedly committed as the agent of ASI Lloyds. This constitutes a fraudulent joinder, as Plaintiff has not pled any facts to support a cause of action against Mr. Buboltz in his individual capacity.

13. Based upon the Plaintiff's Original Petition, no real cause of action exists against Austin Buboltz. Further, given the relationship between ASI Lloyds and Mr. Buboltz, it is apparent

that Mr. Buboltz is merely a "venue defendant" who has been named in this case in an attempt to destroy diversity and to prevent ASI Lloyds from rightfully removing this case to federal court. Plaintiff has fraudulently joined Austin Buboltz for no other reason than to destroy an otherwise diverse case.[1]

14. In his Original Petition, Plaintiff states that he seeks "monetary relief less than $250,000.00", which exceeds the federal jurisdictional amount in order to meet removal to federal court. When the plaintiff's monetary demand is stated in the complaint, the defendant can rely on that allegation to meet the jurisdictional requirement. *See*, *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir.1996).

15. All pleadings, orders and other filings in this state court action are attached to this notice as required by 28 U.S.C. §1446(a) and Local Rule 81.1. See *Exhibit B*. Additionally, Removing Defendants have filed herewith a list of all counsel of record, including the addresses, telephone numbers and the parties represented. See *Exhibit C*.

16. Pursuant to 28 U.S.C. §1446(d), promptly after ASI Lloyds files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

17. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Schleicher County, promptly after ASI Lloyds files this Notice.

### IV. JURY DEMAND

18. ASI Lloyds hereby makes this Demand for a Jury trial.

---

[1] In the alternative, should the Court determine that a cause of action against Mr. Buboltz has been stated, ASI Lloyds asserts that the inclusion of such distinct claim into this suit amounts to fraudulent misjoinder and the citizenship of Mr. Buboltz should likewise be disregarded. *See*, *Centaurus Unity, LP v. Lexington Ins. Co.*, 766 F. Supp. 2d 780, 789-790 (S.D.Tex. 2011).

## V. PRAYER

19.     For the foregoing reasons, Defendant **ASI LLOYDS** removes the action to this Federal Court and request this case be placed on the docket of the United States District Court for the Northern District of Texas, San Angelo Division.

Respectfully submitted,

**McCOY LEAVITT LASKEY LLC**
20726 Stone Oak Parkway, Suite 116
San Antonio, Texas 78258
(210) 446-2828
(262) 522-7020 (FAX)

BY: _____
MICHAEL I. RAMIREZ
State Bar No. 24008604
DAVID A. DuBOIS
State Bar No. 24098871
Email: ddubois@mlllaw.com

E-Service: e-servetexas@mlllaw.com

**ATTORNEYS FOR DEFENDANT ASI LLOYDS**

## CERTIFICATE OF SERVICE

    I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure on this ___16th___ day of _July_, 2024, to:

| | |
|---|---|
| Marc E. Gravely | Email: mgravely@gravely.law |
| Jonathan C. Lisenby | jlisenby@gravely.law. |
| Tristan J. Robinson | trobinson@gravely.law |
| GRAVELY P.C. | |
| 10618 Via Shavano | |
| San Antonio, Texas 78249 | |

_____
DAVID A. DuBOIS